# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS PEREZ ALVARADO,<br><br>　　　　　　　　　Defendant. | Case Nos. 16-cr-00940-BAS<br>　　　　　　16-cr-02770-BAS<br>　　　　　　17-cr-07017-BAS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Defendant, acting pro se, has filed this Motion seeking immediate release because of terminal illness and old age. (ECF No. 41.)[1] The Government opposes arguing that

---

[1] Defendant's Motion has been filed in all three of his criminal matters, which were resolved by a global settlement. For simplicity, the Court references the ECF Nos. in Case No. 16-cr-2770, which involves Defendant's most serious offense. The Court has included the corresponding ECF Nos. for his other two cases below:

| Document | 16-cr-02770-BAS | 16-cr-00940-BAS | 17-cr-07017-BAS |
|---|---|---|---|
| Motion for Release | ECF No. 41 | ECF No. 46 | ECF No. 20 |
| Opposition | ECF No. 42 | ECF No. 48 | ECF No. 22 |
| Information | ECF No. 1-3 | ECF No. 9 | ECF No. 13-1 |
| Plea Agreement | ECF No. 7 | ECF No. 27 | N/A |
| Presentence Report ("PSR") | ECF No. 10 | ECF No. 31 | N/A |
| Sentencing Tr. | ECF No. 27 | ECF No. 43 | ECF No. 17 |
| Judgment / Revocation | ECF No. 16 | ECF No. 36 | ECF No. 11 |
| Dismissal of Appeal | ECF No. 22 | ECF No. 40 | ECF No. 15 |
| Section 2255 Motion | ECF No. 29 | N/A | N/A |
| Order on § 2255 Motion | ECF No. 37 | N/A | N/A |

Defendant has failed to exhaust his administrative remedies. (ECF No. 42.) The Court agrees and denies the Motion without prejudice. The Court further appoints counsel from Federal Defenders of San Diego, Inc. to assist Defendant in evaluating whether he is eligible for compassionate release and refiling a motion seeking relief.

## I. BACKGROUND

"In approximately 2010, United States Immigration and Customs Service (ICE) agents in Los Angeles County and Orange County, California, initiated an investigation into the illegal narcotics smuggling and distribution activities of the Saint Ignacio Drug Trafficking Organization (DTO) based out of San Ignacio, Sinaloa, Mexico. The Los Angeles Court authorized the wire interception of three target telephones." (PSR ¶ 7.) Agents learned that Defendant Perez Alvarado, who also went by "Cuba" or "Cubano," used one of those telephones. (*Id.*) Intercepting Defendant's phone led to multiple cocaine seizures, large amounts of cash and eventually 51 grams of heroin. Although Defendant was indicted in the drug case (16-cr-2770-BAS), he remained in Mexico, until he was arrested in San Diego for entering the United States illegally after deportation in violation of 8 U.S.C. § 1326(a) and (b) (16-cr-940-BAS).

Defendant, who was sixty-five years old at the time of his arrest, qualified as a career offender as defined in U.S.S.G. § 4B1.1(a). Over the past forty-five years, Defendant had numerous convictions, including, among others, three drug felonies (PSR ¶¶ 42, 44, 46) and assault with a deadly weapon (PSR ¶ 43). Defendant had never possessed immigration documents allowing him to enter or be in the United States legally, and he had two prior convictions for entering the United States after deportation. (PSR ¶¶ 45, 47.) Defendant had been deported from the United States on at least four occasions. (PSR ¶¶ 57–58.) The pending offenses were also a violation of his supervised release in one of his immigration cases.

Defendant's attorney negotiated a global settlement for his client. This settlement included: (1) a plea in 16-cr-940-BAS to entering the United States illegally after deportation; (2) a plea in 14-cr-555-FMO, the Los Angeles drug conspiracy, which was

transferred from the Central District of California to the Southern District of California as 16-cr-2770-BAS; and (3) an admission to the supervised release violation in 11-cr-6645 GAF, transferred to the Southern District of California as 17-cr-7017-BAS.  (ECF No. 7.) The Government agreed to recommend that any sentences on these three cases run concurrently.

Although facing a guideline sentence of 188–235 months, the Court agreed to follow the Government's recommendation for a downward variance based on Defendant's age and his medical condition.  (Sentencing Tr. at 5:17–6:23, ECF No. 27.)  The Probation Officer had noted that Defendant "suffers from diabetes, high cholesterol and high blood pressure." (PSR ¶ 73.)  Thus, the Court varied downward from the low end of 188 months and sentenced Defendant to 92 months for the drug conspiracy, 41 months for the immigration felony and 12 months for the supervised release violation.  *See supra note* 1. The Court agreed to run all three sentences concurrently.  (ECF No. 16.)

Defendant's appeal was dismissed since he waived his appeal as part of his plea agreement.  (ECF No. 22.)  Defendant then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, claiming that his attorney was ineffective.  (ECF No. 29.)  This too was denied. (ECF No. 37.)

Defendant now files this Motion requesting that he be granted compassionate release/ reduction of sentence because of a terminal illness and old age.  Defendant claims he has been moved to FMC-Butner "to undergo an aggressive [regimen] of chemotherapy for what was initially diagnosed as colon cancer." (Motion § 2B.)  He claims the cancer has spread throughout his body, is now stage four terminal and is attacking his liver and lungs "consequently making [him] highly susceptible to COVID-19/corona virus, due to [his] highly debilitated immune system and lung infestation."  (*Id.*)  The Government's Opposition confirms that Defendant has Stage IV colon cancer that has metastasized to his liver and most of his lymph nodes.  (Opposition § II.)  Despite his lack of legal status in the United States, and the fact that he has been convicted on two occasions of a violation of 8 U.S.C. § 1326, Defendant requests that his immigration detainer be cancelled, he not

be deported, and he be allowed to spend his remaining life with his family in the United States.  (Motion § 4A.)

## II.  ANALYSIS

A district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  In other words, Defendant must first seek compassionate release from the warden of the facility where he is being housed before he turns to the court for relief.

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes.  First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'"  *United States v. Ng Lap Seng*, __ F. Supp. 3d __, 2020 WL 2301202, at *6 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).  "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'"  *Id.*  This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory.  *See, e.g.*, *United States v. Stanard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No. CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States .v Aguila*, No. w:16-0046-TLM, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Defendant claims that the facility where he is being housed has failed "to cooperate or comply with [his] attempts to initiate the Bureau of Prisons administrative procedures process . . . which [Defendant] initiated on December 3, 2019. (Motion § 3b.) Defendant adds that "[t]his staff's failure to comply has obstructed and prevented [Defendant's] execution of the administrative remedy process." (*Id.*)

As an initial matter, this Court has no jurisdiction to cancel Defendant's immigration detainer or order that he not be deported. If the Motion for Compassionate Release is granted, Defendant will be deported from the United States. Additionally, the Court finds that exhaustion of administrative remedies is mandatory and would provide the Bureau of Prisons an opportunity to explore the best options for Defendant. However, clearly Defendant is struggling to present his administrative request and receive advice as to the best options for him. The Government requests the Court appoint counsel to assist Defendant. (Opposition § II.) The Court finds Defendant is financially eligible for appointment of counsel and that appointment is appropriate here. *See* 18 U.S.C. § 3006A(a)(1), (c); *see also* General Order No. 692-A, *In re District Protocol for Processing Applications Under First Step Act § 603 (2018)* (S.D. Cal. Nov. 20, 2019).

### III. CONCLUSION

Therefore, the Court **DENIES** Defendant's Motion without prejudice for failure to exhaust administrative remedies, but appoints counsel from Federal Defenders of San Diego, Inc. to assist Defendant in evaluating whether he is eligible for compassionate release and refiling a motion seeking relief.

**IT IS SO ORDERED.**

**DATED: June 25, 2020**

Hon. Cynthia Bashant
United States District Judge