# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   v.<br><br>CARLOS PEREZ ALVARADO,<br><br>                             Defendant. | Case Nos. 16-cr-00940-BAS<br>             16-cr-02770-BAS<br>             17-cr-07017-BAS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Defendant Carlos Perez Alvarado, a 68-year-old career offender, who has served fifty-two months of his ninety-two month sentence, seeks compassionate release because he has terminal stage IV metastatic colon cancer that has spread to his liver and lungs.[1] His chemotherapy, type-2 diabetes and hypertension also place him at greater risk of

---

[1] Defendant's Motion has been filed in all three of his criminal matters, which were resolved by a global settlement. For simplicity, the Court references the filings in Case No. 16-cr-2770, which concerned Defendant's most serious offense. The Court has included the corresponding ECF Nos. for his other two cases below:

| Document | 16-cr-02770-BAS | 16-cr-00940-BAS | 17-cr-07017-BAS |
|---|---|---|---|
| Motion for Release | ECF No. 45 | ECF No. 51 | ECF No. 25 |
| Government's Response | ECF No. 54 | ECF No. 58 | ECF No. 34 |
| Defendant's Reply | ECF No. 58 | ECF No. 62 | ECF No. 38 |
| Information | ECF No. 1-3 | ECF No. 9 | ECF No. 13-1 |
| Plea Agreement | ECF No. 7 | ECF No. 27 | N/A |
| Presentence Report ("PSR") | ECF No. 10 | ECF No. 31 | N/A |
| Sentencing Tr. | ECF No. 27 | ECF No. 43 | ECF No. 17 |
| Judgment / Revocation | ECF No. 16 | ECF No. 36 | ECF No. 11 |

complications if he contracts COVID-19. The Government opposes ("Government's Response"), and Defendant replies ("Defendant's Reply"). *See supra* note 1. For the reasons stated below, the Court **GRANTS** Defendant's Motion.

**I.    BACKGROUND**

In approximately 2010, the U.S. Immigration and Customs Enforcement Agency ("ICE") initiated a wiretap investigation, which included the interception of Defendant's telephone. (PSR ¶ 7.) Intercepting his phone led to multiple cocaine seizures, large amounts of cash and eventually 51 grams of heroin. Although defendant was indicted in the drug case (No. 16-cr-2770-BAS), he remained in Mexico, until he was arrested in San Diego for entering the United States illegally after deportation in violation of Title 8 U.S.C. § 1326(a) and (b) (No. 16-cr-940-BAS).

Defendant qualified as a career offender as defined in U.S. Sentencing Guidelines § 4B1.1(a). Over the past forty-five years, Defendant has had numerous convictions, including, among others, three drug felonies (PSR ¶¶ 42, 44, 46) and assault with a deadly weapon. (PSR ¶ 43.) Defendant has never possessed immigration documents allowing him to enter or be in the United States legally, and he has two prior convictions for entering the United States after deportation. (PSR ¶¶ 45, 47.) Defendant has been deported from the United States on at least four occasions. (PSR ¶¶ 57–58.) The pending offenses were also a violation of his supervised release in one of his immigration cases.

Mr. Perez Alvarado's attorney negotiated a global settlement for his client, which included a plea in No. 16-cr-940-BAS to entering the United States illegally after deportation; a plea in No. 14-cr-555-FMO, the Los Angeles drug conspiracy, which was transferred from the Central District of California to the Southern District of California as No. 16-cr-2770-BAS; and an admission to the supervised release violation in No. 11-cr-6645 GAF, transferred to the Southern District of California as No. 17-cr-7017-BAS. The Government agreed to recommend that any sentences on these three cases run concurrently.

Although Defendant faced a guideline sentence of 188–235 months, the Court agreed to follow the Government's recommendation for a downward variance based on

Defendant's age and his medical condition. (Sentencing Tr., at 5:17–6:23.) The Probation Officer had noted that Defendant "suffers from diabetes, high cholesterol and high blood pressure." (PSR ¶ 73.) Thus, the Court varied downward from the low end of 188 months and sentenced Defendant to 92 months for the drug conspiracy, 41 months for the immigration felony and 12 months for the supervised release violation. The Court agreed to run all three sentences concurrently. *See* Judgment/Revocation; *supra* note 1.

Mr. Perez Alvarado has now served 52 months of that 92-month sentence. According to the Government, Defendant's projected release date is in two years on October 17, 2022. (Government's Response, at 5.)

Since his sentencing, Defendant has been diagnosed with stage IV colon cancer, which has metastasized to his liver, lungs and lymph nodes. (Defendant's Motion, Exhs. B, K.) This is "likely to be a terminal diagnosis." (*See* Decl. of Dr. Adl-Tabatabi, Defendant's Motion, Exh. A ¶ 8.) Since his diagnosis, Defendant has been transferred to the Federal Medical Center at Butner in North Carolina where he has been receiving chemotherapy treatments, underwent a colostomy and requires chronic care. (Defendant's Motion, Exhs. B, K.)

Also since his sentencing, the country in general, and the prison system specifically, has been hit with the COVID-19 pandemic. According to the Bureau of Prisons ("BOP") website, FMC Butner has had 13 inmates and 22 staff who have tested positive for COVID-19, with 11 of the inmates and 18 of the staff recovered. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited August 28, 2020). The neighboring, sister facility, FCI Butner, has had 197 inmates and 33 staff test positive, with 194 inmates and 31 staff listed as recovered. *Id.*

On June 29, 2020, Defendant submitted a request for compassionate release to the warden where he is being housed. (Defendant's Motion, Exh. G.) The warden has not yet responded to this request.

//

//

## II.  ANALYSIS

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

Mr. Perez Alvarado has now demonstrated that he has attempted to exhaust his administrative remedies by filing a request with the warden of the facility where he is being housed. (Defendant's Motion, Exh. G.) More than 30 days have elapsed since that request was made, without response from the warden. Therefore, Defendant has met the requirement that he exhaust his administrative remedies.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, __F. Supp. 3d___, 2020 WL 1673440, at *3 (D. Or. 2020).

The Sentencing Guidelines list, as an example of an "extraordinary and compelling" reason, "[t]he defendant is suffering from a terminal illness . . . . Examples include metastatic solid-tumor cancer . . . ." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(A)(i). Additionally, an extraordinary and compelling reason can exist if "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.* § 1B1.13 cmt. n. 1(A)(ii).

The Government does not dispute that Mr. Perez Alvarado has demonstrated an "extraordinary and compelling" reason for his request for compassionate release. He is suffering from a terminal illness and is undergoing chemotherapy. Additionally, the chemotherapy treatments he is receiving render him immunocompromised. According to the Centers for Disease Control, this factor, along with his type-2 diabetes and hypertension, place him at greater risk were he to contract COVID-19. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Aug. 14, 2020) (providing that people with cancer and type-2 diabetes are at increased risk of severe illness from COVID-19, and people with hypertension might be at an increased risk for severe illness from COVID-19). Finally, Defendant's current level of care, including his chemotherapy treatments, his chronic care including change of an ostomy bag, renders him unable to provide self-care within the confines of a correctional institution. This determination also supports that his circumstances present "extraordinary and compelling" reasons for release.

Nonetheless, the Government argues that the § 3553(a) factors and the fact that Defendant still poses a significant danger to the safety of the community militates against granting the Motion. (Government's Response.) The Court agrees Defendant has a lengthy and serious criminal record. Most of this involves drug trafficking, and there is at least one serious violent offense (Assault with a Deadly Weapon in 2001 (PSR ¶ 43)). The negotiated settlement of ninety-two months was a favorable one for Mr. Perez Alvarado, and he could realistically have received a much higher sentence.

Nonetheless, given his medical condition, the chance of recidivism at this point of his life is unlikely. To the extent the Government suggests that a lack of medical treatment in Mexico could lead Mr. Perez Alvarado to come back illegally to the United States after deportation, his medical condition certainly renders that possibility much more difficult and unlikely than it was before he was undergoing chemotherapy and had a colostomy. The likelihood of Mr. Perez Alvarado posing a significant danger to the community is also greatly reduced because of his medical condition. Certainly, if he were to commit an


offense again in the future, he knows that he is likely to die in prison. Therefore, the Court concludes that Mr. Perez Alvarado no longer poses a serious risk of danger to the safety of the community.

### III. CONCLUSION

Mr. Perez Alvarado suffers from terminal cancer and may well not make it to the end of his current prison term, his current medical conditions make it impossible for him to provide self-care within the environment of a correctional facility, and he will not recover from this condition. Consequently, the Court finds Mr. Perez Alvarado has demonstrated "extraordinary and compelling" reasons for his compassionate release request. Considering all the factors under § 3553(a), the Court concludes his Motion should be **GRANTED**. (ECF No. 45 in No. 16-cr-02770-BAS; ECF No. 51 in No. 16-cr-940-BAS; ECF No. 25 in No. 17-cr-7017-BAS).

Finally, this order is stayed for up to fourteen days, for the verification of Defendant's future residence in Mexico and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a plan for his travel to the west coast and deportation to Mexico is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

**DATED: August 31, 2020**

Hon. Cynthia Bashant
United States District Judge